UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　　　v.<br><br>VILLAGE OF ROCKVILLE CENTRE,<br>NEW YORK,<br><br>　　　　　　Defendant. | Case No. 20 Civ. 3663 |

**COMPLAINT**

The United States of America, by and through its attorney, Seth D. DuCharme, Acting United States Attorney for the Eastern District of New York, acting on behalf of the United States Environmental Protection Agency ("EPA"), alleges for its Complaint against Defendant, the Village of Rockville Center ("Village"), as follows:

**NATURE OF THE ACTION**

1.　This is a civil action brought under Section 113(b) of the Clean Air Act ("CAA" or "Act"), 42 U.S.C. § 7413(b), to obtain injunctive relief and civil penalties against the Village for the operation of its municipal power plant in violation of the Act and regulations promulgated under the Act.

2.　The Village's municipal power plant includes eight engines that the Village operates to run generators to provide electricity.  The Village's operation of seven of those engines produced excess particulate emissions and nitrogen oxides, which exceeded applicable limits under the federally-enforceable New York State Implementation Plan ("SIP"), and contributed to air pollution.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action, pursuant to 28 U.S.C. §§ 1331, 1345 and 1355 and Section 113(b) of the CAA, 42 U.S.C. § 7413(b).

4. Venue is proper in this District pursuant to Sections 113(b) of the Act, 42 U.S.C. § 7413(b), and 28 U.S.C. §§ 1391(b) & (c) and 1395(a), because the violations occurred and are occurring in this District, and the Facility at issue is operated by the Defendant in this District.

## NOTICE

5. Notice of commencement of this action has been given to the State of New York, through its Department of Environmental Conservation ("NYSDEC"), as required by Section 113(b) of the CAA, 42 U.S.C. § 7413(b), and more than thirty days have elapsed between issuance of the notice and commencement of this civil action.

## DEFENDANT

6. The Village is a municipality headquartered at 1 College Place, Rockville Centre, New York.

7. The Village owns and/or operates the Rockville Centre Power Plant.

8. The Village is a "person" within the meaning of Section 302(e) of the CAA, 42 U.S.C. § 7602(e).

## STATUTORY AND REGULATORY BACKGROUND

### The NAAQS

9. Sections 108 and 109 of the Act, 42 U.S.C. §§ 7408 and 7409, require EPA to list air pollutants that "may reasonably be anticipated to endanger public health or welfare" and

2

whose presence "in the ambient air results from numerous or diverse mobile and stationary sources."

10. EPA has thus far listed six criteria pollutants subject to regulations, two of which are particulate matter (PM) and ozone.

11. Section 109 of the Act requires EPA to promulgate primary and secondary National Ambient Air Quality Standards ("NAAQS") for each "criteria" pollutant. Primary standards provide public health protection, including protecting the health of "sensitive" populations such as asthmatics, children, and the elderly. Secondary standards provide public welfare protection, including effects on climate, protection against decreased visibility, and damage to animals, crops, vegetation, and buildings.

12. The NAAQS are generally expressed as a maximum acceptable mass of pollutant (micrograms) per standard volume of air (cubic meters) or as a concentration (parts per million (ppm) or parts per billion (ppb)) measured for a specific period of time (*e.g.*, one hour, eight hours, or 24 hours).

13. In accordance with Section 109 of the Act, EPA established NAAQS for, *inter alia*, PM and ozone, including a one-hour standard for ozone at 0.12 ppm. *See* 40 C.F.R. 50.9; 44 Fed. Reg. 8202 (1979), 58 Fed. Reg. 13008 (1993) (maintaining the 1979 standard).

**The New York SIP**

14. Section 110(a) of the Act, 42 U.S.C. § 7410(a), requires each State to submit for EPA approval a plan that provides for implementation, maintenance, and enforcement of each primary and secondary NAAQS in each air quality control region within the State. The plan, once approved by EPA, is known as a "State Implementation Plan" ("SIP").

15. The SIP must include, among other things, enforceable emissions limitations and other control measures. *See* 42 U.S.C. § 7410(a)(2)(A).

16. In accordance with Section 110(a) of the Act, New York has proposed, and EPA has approved, PM emission limits for the New York SIP to implement the NAAQS for PM.

17. In general, the country is divided into air quality control regions, some of which are designated as being in "attainment" with the NAAQS, and some of which are not meeting the NAAQS and are said to be in "non-attainment."

18. New York State has designated Nassau County, New York, the area in which the Facility is located, as a non-attainment area for the one-hour ozone limit. *See* 40 C.F.R. § 81.333.

19. Ozone is created by chemical reactions between NOx and volatile organic compounds ("VOCs").

20. Accordingly, compliance with the NAAQS for ozone is achieved, in part, by implementing emission limits for NOx.

21. In accordance with Section 110(a) of the Act, in order to implement the NAAQS for ozone, New York has proposed, and EPA has approved, emission limits for NOx for the New York SIP.

22. The following emission limits for PM and NOx have been approved by EPA and incorporated into New York's SIP:

  a. Oil fired stationary combustion units (such as oil fired internal combustion engines that power electric generators) are limited to a two-hour average of 0.10 pounds of PM per million British Thermal Units ("lbs/MMBtu"). *See* 6 NYCRR § 227.2(b)(1) (1972).

  b. Since April 1, 2005, stationary internal combustion engines with more than 200 horsepower ("hp") or brake horsepower ("bhp") in severe ozone non-attainment areas, and all such engines with more than 400 hp or bhp, may not emit more than 2.3 grams of NOx per brake horsepower-hour ("bhp-hr"). *See* 6 NYCRR § 227-2.4(f)(2) (2005); 6 NYCRR § 227-2.4(f)(3) (2013).

4

**Enforcement Provisions**

23. Under Section 113(a) and (b) of the Act, 42 § 7413(a)-(b), the Administrator may, after notifying the violator and the State, commence a civil action for a permanent or temporary injunction or for civil penalties of up to $25,000 per day for violations of a SIP.

24. The maximum daily civil penalty amounts under Section 113(b)(2) the Act are increased to $37,500 for violations occurring between January 12, 2009 and November 2, 2015, and to $101,439 per day for violations occurring after November 2, 2015. 28 U.S.C. § 2461, 73 Fed. Reg. 75340 (Dec. 11, 2008), 78 Fed. Reg. 66644 (Nov. 6, 2013), 81 Fed. Reg. 43091 (July 7, 2016), 84 Fed. Reg. 2059 (Feb. 6, 2019), and 85 Fed. Reg. 1751 (Jan, 13, 2020).

**GENERAL ALLEGATIONS**

25. The Village is the owner and operator of the Facility.

26. The Facility is located in Nassau County, New York, which was classified as a moderate nonattainment area for the 8-hour ozone NAAQS and severe nonattainment for the one-hour ozone NAAQS.

27. The Facility is a "major stationary source" because it has a potential to emit more than 25 tons per year of NOx and/or volatile organic compounds and is located in an area classified as severe ozone nonattainment. *See* 40 C.F.R. § 52.1670;   70 Fed. Reg. 57511 (October 3, 2005); 6 NYCRR 201-2.1(b)(21)(iv)(b) (2011).

28. The Facility includes eight stationary internal combustion engines that are used to power generators to produce electricity, identified as engines 7 through 14.

29. Each of the engines can be fired with No. 2 fuel oil and/or a mixture of No. 2 fuel oil and natural gas ("dual fuel").

30. Each of the engines is rated at more than 200 hp or bhp.

31. While being fired with No. 2 fuel oil, Engines 7 through 13 each exceed the New York SIP's PM emission limit of 0.10 lb/MMBtu.

32. While being fired with No. 2 fuel oil or with dual fuel, Engines 7 through 13 each exceeded the New York SIP's NOx emission limit of 2.3 g/bhp-hr.

33. EPA, on February 29, 2012, issued to the Village a notice of violation ("NOV") regarding its violations of the New York SIP.

## CLAIMS FOR RELIEF

### COUNT I
### Failure to Meet the PM Emission Limit

34. The Facility's engines 7 through 13 are stationary "combustion installations," within the meaning of 6 NYCRR § 200.1(*l*) (2010, 2013).

35. The Facility's engines 7 through 13 are "oil fired stationary combustion installations," within the meaning of SIP-approved 6 NYCRR § 227.2(b)(1).

36. The Facility's engines 7 through 13 are subject to the PM emission limits in the New York SIP.

37. The Village has violated the Act and the federally-enforceable New York SIP, because engines 7 through 13 exceed the SIP's PM standard of 0.10 lb/MMBtu while firing No. 2 fuel oil.

### COUNT II
### Failure to Meet the NOx Emission Limit

38. Until August 11, 2013, the Facility's engines 7 through 13 were "lean burn internal combustion engines," within the meaning of the New York SIP. *See* 6 NYCRR § 227-2.2(b)(10) (2005).

6

39. The Facility's engines 7 through 13 are "stationary internal combustion engines" within the meaning of the New York SIP. *See* 6 NYCRR § 227-2.2(b)(20) (2005); 6 NYCRR § 227-2.2(b)(11) (2013).

40. The Facility's engines 7 through 13 are subject to the NOx emission limits in the New York SIP. *See* 6 NYCRR § 227-2.4(f)(2) (2009) and 6 NYCRR § 227-2.4(f)(3) (2013).

41. Since September 2009, the Village has violated the Act and the New York SIP because engines 7 through 13 exceeded the SIP's NOx standard of 2.3 g/bhp-hr. *See* 6 NYCRR § 227-2.4(f)(2) (2009 & 2013).

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff, the United States of America, prays that this Court:

A. Order that the Village be assessed a civil penalty under Section 113(a) and (b) of the CAA, 42 U.S.C. § 7413(b);

B. Permanently enjoin the Village, pursuant to Section 113(b) of the CAA, 42 U.S.C. § 7413(b), from any and all future violations of the CAA, its implementing regulations, and the New York SIP;

C. Award the United States its costs and disbursements in this action; and,

D.   Grant such other relief as the Court deems just and proper.

Dated: Brooklyn, New York

　　　　　August 13　　, 2020

                                  Respectfully submitted,

JEFFREY BOSSERT CLARK
Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources Division

SETH D. DuCHARME
Acting United States Attorney
Eastern District of New York
Attorney for Plaintiff
271-A Cadman Plaza East
Brooklyn, New York 11201

By: _____
JAMES R. CHO
MATTHEW SILVERMAN
Assistant U.S. Attorneys
718-254-6519
james.cho@usdoj.gov

Of Counsel:

LILIANA VILLATORA
Air Branch Chief
AMANDA PRENTICE
SARA FROIKIN
Assistant Regional Counsels
Office of Regional Counsel
U.S. EPA, Region 2
290 Broadway
New York, New York 10007-1866

8